IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| RHONDA WARD, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **Case No. 2:14-cv-675-MHT-PWG** |
| | ) | |
| STEPHANIE DANIELS SMOKE, | ) | |
| *et al.*, | ) | |
| | ) | |
| **Defendants.** | ) | |

## REPORT AND RECOMMENDATION

This case arises out of the termination of Plaintiff Rhonda Ward's employment and subsequent internal appeal of the same. The following are named as Defendants: The Elmore County Commission; and individual Elmore County Commission members Stephanie Daniels-Smoke ("Daniels-Smoke"), David Bowen ("Bowen"), James (Trey) Taylor ("Taylor"), Mark Hragyil ("Hragyil"), and Joe Faulk ("Faulk")(collectively "Defendants").[1]

The First Amended Complaint is the operative pleading. (Doc. 25). The Amended Complaint purports to state federal claims arising out of the following: The Due Process and Equal Protection Clauses of the Fourteenth Amendment, by and

---

[1] All individual Defendants are sued in both their individual capacity and in their capacity as members of the Elmore County Commission.

through the remedial vehicle of 42 U.S.C. § 1983.[2] The Complaint also contains a claim purportedly arising out of Alabama state law for "failure to train and failure to follow the Personnel Policies and Procedures of Elmore County, Alabama."

Before the court is Defendants' motion to dismiss Plaintiff's First Amended Complaint (Doc. 34). For the reasons stated herein, the Magistrate Judge **RECOMMENDS** that Defendant's motion to dismiss is due to be **GRANTED.**

## I.  JURISDICTION

Subject matter jurisdiction over Plaintiff's federal claims is conferred by 28 U.S.C. § 1331.  The parties do not dispute venue or personal jurisdiction, and there are adequate allegations in Plaintiff's First Amended Complaint to support both.  On November 25, 2014, this matter was referred to the undersigned by U.S. District Judge Myron H. Thompson for disposition or recommendation on all pretrial matters. (Doc. 22).  *See also* 28 U.S.C. § 636(b); Rule 72, Fed. R. Civ. P.; *United States v. Raddatz,* 447 U.S. 667 (1980); *Jeffrey S. v. State Board of Education of State of Georgia,* 896 F.2d 507 (11th Cir. 1990).

---

[2] Plaintiff also mentions the following statutory provisions in the first paragraph of her Amended Complaint: 42 U.S.C.1981 and 42 U.S.C.1982.  Plaintiff, a white female, however, never refers again to these provisions again, and identifies no race-based claims arising under either of these statutory provisions, which prohibit intentional race discrimination in employment and race discrimination with regard to real and personal property rights, respectively.

2

## II.   PLAINTIFF'S CLAIMS

Plaintiff brings the claims for the following: denial of procedural and substantive due process (Count I); denial of equal protection (Count II); and "state action-failure to train to follow the Personnel Policies and Procedures of Elmore County, Alabama" (Count III).

## III.   BACKGROUND AND FACTS[3]

Plaintiff, a white female, was hired by the Elmore County Commission as Deputy Administrator/Finance, a full-time exempt position, on July 20, 2012. (Doc. 25 at ¶¶ 2, 9). The letter that Plaintiff received notifying her of her hiring also stated that, after satisfactory completion of a six month probationary period, she would attain regular status. (Doc. 25 at ¶ 9). Plaintiff began work on August 6, 2012. (*Id.*).

Though she had never before been the subject of any disciplinary action, Defendant Elmore County Commission notified Plaintiff by letter dated July 8, 2013 that she was to be dismissed on July 12, 2013 for violating a "Group Two (9.6.4)" offense, as defined in the Elmore County Personnel Policies and Procedures Manual. (Doc. 25 at ¶ 12). The Amended Complaint does not explain what specific Group

---

[3] These are the facts for purposes of ruling on the pending motion to dismiss. They are gleaned from the allegations in the First Amended Complaint. Plaintiff attached to her opposition to Defendants' motion to dismiss sixteen exhibits. (Docs. 31-1 through 31-16). The court did not consider these exhibits. *See* Federal Rule of Civil Procedure 12.The motion to dismiss at issue is not converted to a Rule 56 motion for summary judgment. As such, the evidence will be stricken from the record.

Two offense Plaintiff was accused of committing, but the accusation appears to be related to alleged falsification of documents. (Doc. 25 at ¶ 14). The letter was signed by individual Defendants Stephanie Daniels-Smoke and Joe Faulk, both members of the Elmore County Commission.   (Doc. 25 at  ¶ 12).

Plaintiff appealed her termination by delivering a letter dated July 10, 2013 to Lynda Feaga, the Administrator for the Elmore County Commission.  (Doc. 25 at ¶ 13).  Plaintiff requested in writing that the six following employees be made available as witnesses at her hearing: Rhonda Cooper, Shannon Atkins, Julie Knight, Ivory Bowe, Kimberly Eib, and Lynda Feaga.[4] (Doc. 25 at ¶ 13). But for Ms. Feaga, whom she identifies as her supervisor in another part of the complaint, Plaintiff does not identify who these six individuals are, or what testimony she expected them to produce.

Defendants Daniels-Smoke and Faulk presided over an informal hearing on July 12, 2013. (Doc. 25 at ¶ 14). According to Plaintiff, the Elmore County Personnel Policies and Procedures Manual in section 9.10.2(F) states that employees have "a right to present evidence in his/her defense." (Doc. 25 at ¶ 14).[5]  Plaintiff presented

---

[4] It is not clear from the Amended Complaint whether the Plaintiff's written request to have six witnesses at her appeal hearing was part of, or just sent contemporaneously with, the letter appealing her termination.

[5] The court assumes Plaintiff's proffered quotations from the same to be true at this stage in the litigation. The court is aware that Plaintiff attached to her response in opposition to the motion to dismiss sixteen exhibits, several of which are represented to be excerpts from the

evidence at the hearing; however, she was not allowed to call witnesses. (*Id.*).
Defendants Daniels-Smoke and Faulk affirmed her termination on that same date and
informed Plaintiff that she had ten (10) working days to file an appeal to the Elmore
County Appeals Board. (Doc. 25 at ¶ 17). On July 15, 2013, Plaintiff appealed her
termination by a letter addressed to Defendants Daniels-Smoke and Faulk. (Doc. 25
at ¶ 18).

On July 22, 2013, a week after Plaintiff appealed her termination, the Elmore
County Commission adopted Resolution 7-22-13, which amended the Personnel
Policies and Procedures Manual, thereby "chang[ing] the composition of the Appeals
Board" and allowing "Daniels-Smoke to appoint a board member." (Doc. 25 at  ¶¶
19; 47).[6]  According to Plaintiff, the forward to the Personnel Policies and Manuals
states that all proposed changes to the personnel policies and procedures must be
posted in county offices and work areas for at least ten (10) calendar days before they
are considered for adoption by the Commission. (Doc. 25 at ¶ 33).[7] The July 22, 2013
change was not posted in county offices and work areas for at least ten (10) calendar
days prior to its consideration by the Commission.

subject policy manual. However, as noted, *supra*, these exhibits will not be considered at this
stage of the litigation.

[6] The Amended Complaint is not clear regarding the exact changes instituted by enaction
of this Resolution.

[7] *See* footnote 5, *supra*.

Plaintiff's attorney was notified *via* a letter dated July 23, 2013, and signed by County Administrator Lynda Feaga, that a hearing would be held before the Elmore County Appeals Board on August 9, 2013. (Doc. 25 at ¶ 20). On July 24, 2013, Plaintiff's attorney requested that the hearing be rescheduled due to a court conflict. (Doc. 21).   On July 31, 2013, Plaintiff's attorney received a letter from County Administrator Feaga that stated that if his conflict (a trial in federal court) did not resolve, the continuance would be granted and an alternate date set, but otherwise, the appeals hearing date would remain in place. (Doc. 25 at ¶ 22). The conflict was resolved when Plaintiff's attorney's trial was continued, so he and Plaintiff appeared for the hearing on August 9, 2013, as scheduled. (Doc. 24 at ¶ 23).  When Plaintiff and Plaintiff's attorney arrived, Defendant Daniels-Smoke hand-delivered a letter to them stating that their request for a continuance of Plaintiff's hearing had been granted, and that the case was continued generally, with an alternate date to be provided soon. (Doc. 25 at ¶ 24).

On September 18, 2013, Plaintiff's attorney wrote Defendant Daniels-Smoke and requested a hearing date. (Doc. 25 at ¶ 25).  At a September 23, 2013 meeting of the Elmore County Commission, Defendant Daniels-Smoke moved to "amend the composition of the Appeals Board to replace one Elmore County Commissioner with an Elmore County citizen to be chosen by the Chairman over Personnel."  (Doc. 25

at ¶ 26). Defendant Taylor seconded the motion, and it passed unanimously. (*Id.*). This amendment to the Personnel Policies and Procedures Manual was not posted in County offices and work areas for ten (10) days before adoption. (*Id.*).

On October 1, 2013, the Elmore County Attorney[8] sent a letter to Plaintiff and/or Plaintiff's attorney[9] scheduling the appeal hearing for October 10, 2013. (Doc. 25 at ¶ 27). The Elmore County Attorney then sent another letter on October 4, 2013 rescheduling the hearing for November 1, 2013. (Doc. 25 at ¶ 28). The County attorney sent a third letter on October 31, 2013, continuing the hearing due to "unforseen circumstances." (Doc. 25 at ¶ 29). The County Attorney sent Plaintiff's attorney a letter on November 13, 2013, stating that the hearing was rescheduled for December 11, 2013. (Doc. 25 at ¶ 30).

The Appeals Board conducted Plaintiff's hearing on December 11, 2013. (Doc. 25 at ¶ 31). The Appeals Board that oversaw Plaintiff's hearing was comprised of the following individuals: Defendant Daniels-Smoke; Defendant Taylor; Lori White, a county employee who works in the probate office; Kevin Boone, a county employee who works in the County Highway Department; and Brad Davis. (*Id.*). According

---

[8] The identity of the County Attorney is not included in the Amended Complaint; nevertheless, s/he is not a party to this suit.

[9] The person to whom the letter was sent is not made clear in the Amended Complaint.

to Plaintiff, Chapter 13.2 of the Personnel Policies and Procedures, pertaining to "Board Membership," states that the following categories of people are prohibited from serving on the appeals board: persons who hold state, county, or city elective offices, or are candidates for the same, and persons who are Elmore County officers or employees.

At the hearing, Plaintiff denied that she did anything wrong and presented evidence in her defense.[10]  On December 21, 2013, the County Attorney sent a letter to Plaintiff's counsel containing the Appeals Board Finding and Decision, which sustained Plaintiff's dismissal. (Doc. 25 at ¶ 31).

## IV.    MOTION TO DISMISS STANDARD OF REVIEW

A Rule 12(b)(6) motion to dismiss tests the sufficiency of the Complaint against the legal standard set forth in Rule 8: "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).

When evaluating a motion to dismiss pursuant to Rule 12(b)(6), the court must take "the factual allegations in the complaint as true and construe them in the light most favorable to the plaintiff."  *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008).  However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions."  *Ashcroft v. Iqbal*, 556

---

[10] Though immaterial to this court's analysis, Plaintiff's defense was that she was terminated for following her supervisor's instructions. (Doc. 25 at ¶ 31).

U.S. 662, 663 (2009). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Determining whether a complaint states a plausible claim for relief [is] ... a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 663 (alteration in original) (citation omitted). "[F]acial plausibility" exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The standard also "calls for enough facts to raise a reasonable expectation that discovery will reveal evidence" of the claim. *Twombly*, 550 U.S. at 556. While the complaint need not set out "detailed factual allegations," it must provide sufficient factual amplification "to raise a right to relief above the speculative level." *Id.* at 555.

"So, when the allegations in a complaint, however true, could not raise a claim of entitlement to relief, 'this basic deficiency should ... be exposed at the point of

9

minimum expenditure of time and money by the parties and the court.'" *Twombly*,

550 U.S. 558 (quoting 5 Wight & Miller § 1216, at 233-34 (quoting in turn *Daves v.*

*Hawaiian Dredging Co.*, 114 F.Supp. 643, 645 (D. Haw. 1953)) (alteration original).

"[O]nly a complaint that states a plausible claim for relief survives a motion to

dismiss." *Iqbal*, 556 U.S. at 679 (citing *Twombly*, 550 U.S. at 556).

> In keeping with these principles a court considering a motion to dismiss
> can choose to begin by identifying pleadings that, because they are no
> more than conclusions, are not entitled to the assumption of truth.
> While legal conclusions can provide the framework of a complaint, they
> must be supported by factual allegations.  When there are well-pleaded
> factual allegations, a court should assume their veracity and then
> determine whether they plausibly give rise to an entitlement to relief.

*Iqbal*, 556 U.S. at 679.

## V.   DISCUSSION

### 1.   The Federal Claims.

#### A.   Due Process Claims.

Plaintiff claims in Count I that Defendants violated her right to both

substantive due process and procedural due process under the Fourteenth

Amendment. Plaintiff does not clearly differentiate between those actions attributable

to one, more, or all of the Defendants which she contends violated her right to

substantive due process, as opposed to those actions of Defendants she claims

violated the right to procedural due process. Rather, Plaintiff alleges that her rights

to both substantive and procedural due process were violated when: (1) Defendants Daniels-Smoke and Faulk did not allow her to present evidence in the form of oral testimony by witnesses at her July 12, 2013 informal hearing; (2) Two weeks after Plaintiff received notice of her dismissal and one week after her appeal was filed, Defendant Daniels-Smoke introduced Resolution 7-22-2013, which changed makeup of the Appeals Board and allowed Defendant Daniels-Smoke to appoint a board member; (3) Defendants Daniels-Smoke, Faulk, Bowen, Hragyril, and Taylor adopted Resolution 7-22-2013 before it was posted for ten (10) days; (4) Defendant Daniels-Smoke and Taylor, both elective officials, served on the Appeals Board that heard Plaintiff's appeal; and (5) Non-defendants Lori White and Kevin Boone, both county employees, served on the Appeals Board that heard Plaintiff's appeal.

Plaintiff's due process claims are based on a theory that in conducting her appeal process, Defendants did not follow Elmore County internal policies for the same. Plaintiff avers that this is not a "simple case of a government employee being terminated," but instead "a case about the governing authority manipulating the appeal process after an appeal was filed to ensure the make[up] of the Appeals Board [was] bias[ed] against the Plaintiff."  (Doc. 31 at p. 6). Plaintiff further characterizes her claims as follows: "This case does not actually hinge on a decision to terminate, rather it hinges on the wrongful, improper, and procedurally flawed attempt to change

the Personnel Policies and Procedures, thus denying the Plaintiff a fair and just appea[l]." (Doc. 31 at p. 11).

### i.     **Substantive Due Process**.

Plaintiff claims that Defendants did not follow Elmore County's internal policies and procedures when it conducted her appeal, and that Defendants' failure to do so violated her right to substantive due process.  Plaintiff argues that "[t]he rights and procedures set out in the Personnel Policies and Procedures of Elmore County were not adhered to by the Defendants in the Plaintiff's appeal process, denying the Plaintiff substantive due process" and that "the Appeal Board that considered the Plaintiff's termination was improperly and illegally appointed[,] and as such, the Plaintiff's substantive due process rights were violated." (Doc. 25 at ¶ 53). She further declares that, due to Defendants' failure to follow the internal policies and procedures, the Appeal Board's decision regarding her termination is null and void. (Doc. 31 at p. 9).

Defendants argue in their motion to dismiss that Plaintiff's Amended Complaint fails to identity a fundamental right violated by Defendants' alleged actions, and that accordingly, she has failed to state a claim for substantive due process.

12

Construing the facts in the light most favorable to Plaintiff, the court assumes that the Defendants did not follow proper procedure in conducting her appeal, by not allowing witnesses to be called at the informal hearing, to altering the composition of the Appeals Board, conducting the formal hearing and issuing the resulting decision. The central focus of the inquiry is whether such failure violates a constitutionally protected right. *See First Assembly of God of Naples, Florida v. Collier County, Fla.*, 20 F.3d 419 (11th Cir. 1994).

In determining whether a constitutional violation has been alleged, the Court looks first to the express language of the Due Process Clause.

> The Fourteenth Amendment to the United States Constitution explicitly guarantees to each citizen that no state shall "deprive any person of life, liberty, or property, without due process of law...." U.S. Const., amend. XIV, § 1.[...] The Fourteenth Amendment . . . contains a judicially recognized substantive due process component that protects an individual's life, liberty and property against "certain government actions regardless of the fairness of the procedures used to implement them."

*Niziol v. Pasco County Dist. School Bd.*, 240 F. Supp. 2d 1194, 1203 (M.D. Fla. 2002)(internal citations omitted).

> Substantive due process "protects those rights that are 'fundamental,' that is, rights that are 'implicit in the concept of ordered liberty.' " *McKinney v. Pate*, 20 F.3d 1550, 1556 (11th Cir.1994) (en banc ) (quoting *Palko v. Connecticut*, 302 U.S. 319, 325, 58 S.Ct. 149, 82 L.Ed. 288 (1937)). "The Supreme Court has deemed that most-but not all-of the rights enumerated in the Bill of Rights are fundamental;

certain unenumerated rights (for instance, the penumbral right of privacy), also merit protection." *Id*. (citation omitted).

*Armstrong v. Cummins*, 2009 WL 2709954 (M.D. Ala. Aug. 26, 2009)(quoting *Sprauer v. City of Jupiter*, 2009 WL 1464862, 2 (11th Cir. May 27, 2009)(unpublished opinion).

"In order to state a substantive due process claim under 42 U.S.C. § 1983, a Plaintiff must allege: 1) that an act or omission deprived Plaintiff of a right, privilege or immunity secured by the Constitution or laws of the U.S.; and 2) that the act or omission was done by a person acting under color of law." *Niziol, supra,* at 1203.

The Supreme Court has cautioned against expanding the concept of substantive due process. *Id. See also Collins v. City of Harker Heights*, 503 U.S. 115, 125, 112 S.Ct. 1061, 1068, 117 L.Ed.2d 261 (1992) ("[T]he [Supreme] Court has always been reluctant to expand the concept of substantive due process because guideposts for responsible decisionmaking in this unchartered area are scarce and open-ended. The doctrine of judicial self-restraint requires us to exercise the utmost care whenever we are asked to break new ground in this field.") (citations omitted).

Plaintiff alleges that Defendants failed to follow Elmore County policies and procedures. Plaintiff identifies no source of the rights she claims she had with regard to her termination appeal (i.e., to call witnesses at her informal hearing and to have a hearing before a "properly constituted" appeals board) beyond the Elmore County

14

policies and procedures manual.[4] The law of this Circuit is clear that fundamental rights are rooted in the Constitution, not in state laws or in county policies and procedures manuals. *See e.g. Sibley v. Florida Bar*, 2008 WL 3471781 (N.D. Fla. Aug. 11, 2008)("Violations of state law do not, *ipso facto*, violate the federal constitution or give rise to a claim under § 1983. Even if Plaintiff had a right under state law to compliance with the oath procedures he now describes, a violation of state law is not a violation of substantive due process.")(internal citations omitted); *Vincent v. City of Talladega*, 980 F. Supp. 410 (N.D. Ala. 1997)(granting summary judgment in favor of Defendant as to substantive and procedural due process claims, even where process afforded to plaintiff was not in accord with city's own rules and policies).

Plaintiff has not alleged facts that give rise to the inference that a fundamental right was implicated by Defendants' failure to follow Elmore County's policies and procedures. Moreover, in light of a motion to dismiss the claim, Plaintiff has provided no support for a conclusion that she had a fundamental right to call witnesses at her informal hearing, or to have a hearing before a "properly constituted" appeals board. Therefore,  she has failed to state claim upon which relief can be granted and her

---

[4] She states in her Amended Complaint, for example, that she had a "substantive right to due process as established in Section 9.10.2(F) [of the policies and procedures manual]."  (Doc. 25 at ¶ 16).

claim for violation of substantive due process is due to be dismissed as a matter of law.[5]

### ii.     Procedural Due Process.

Plaintiff also claims that Defendants violated her right to procedural due process when they did not follow Elmore County's internal policies and procedures in administrating her appeal. Defendants argue that Plaintiff has failed to allege facts that would give rise to a procedural due process claim and even if she had, Alabama provides an adequate remedy for any deprivation of due process she suffered.

A Fourteenth Amendment claim alleging a violation of the right to procedural due process under § 1983 requires a plaintiff to allege three elements: "(1) a deprivation of a constitutionally-protected property interest; (2) state action; and (3)

---

[5] Plaintiff seeks to distinguish her claims as based on the Defendants' failures to follow Elmore County policies and procedures with regard to her post-termination internal appeal process, as opposed to being based on her termination. The court has taken the Plaintiff at her word and analyzed the claim as if it is truly not related to her termination. However, to the extent that Plaintiff claims she had a fundamental right in her employment with Elmore County, and that right was violated by her termination and subsequent affirmation of the same, such a claim is not cognizable. *See McKinney v. Pate*, 20 F.3d 1550, 1556 (11th Cir. 1994)(*en banc*)(holding that employment rights are state-created and do not implicate fundamental rights, and as such, do not give rise to a claim for violation of substantive due process).

Defendants argue in the alternative that Plaintiff's substantive due process claim is also due to be dismissed "to the extent that Plaintiff may be attempting to travel under [the legislative exception]."  (Doc. 28 at p. 7).  Plaintiff does not appear in her Amended Complaint to be advancing such a theory, and though given the opportunity in her response to the motion to dismiss to clarify whether she is, indeed, pursuing such a theory, Plaintiff did not do so.  Thus, it appears that is not Plaintiff's theory and it is not necessary to analyze the merits of Defendants' arguments in opposition to the same.

16

constitutionally-inadequate process." *Arrington v. Helms*, 438 F.3d 1336, 1347–48 (11th Cir. 2006). Defendants do not dispute, for the purposes of their motion to dismiss, that Plaintiff had a property interest or that there was state action; thus, the only question for the court to answer is whether Plaintiff alleges facts to plausibly raise the inference that she received constitutionally inadequate process.

Procedural due process requires notice and an opportunity to be heard. *See e.g. Zinermon v. Burch*, 494 U.S. 113, 110 S.Ct. 975, 984, 108 L.Ed.2d 100 (1990); *Goss v. Lopez*, 419 U.S. 565, 579, 95 S.Ct. 729, 738, 42 L.Ed.2d 725 (1975) (At a minimum, due process requires "*some* kind of notice and ... *some* kind of hearing." (emphasis in original)). "[T]he right to a hearing necessarily implies the right to a fair hearing; in other words, process which is a mere gesture is not due process." *Burgans v. Astrue*, 2010 WL 1254299 (M.D. Ala. Mar. 26, 2010)(internal citations omitted).

Plaintiff alleges in the Amended Complaint that she received notice of her termination and of the informal and formal hearings regarding the same. She also alleges that she had an opportunity to be heard, as she alleges she denied the charges levied against her and that she presented evidence at both the informal and formal hearings.  Plaintiff, however, argues that because at the first hearing, she was not allowed to call requested witnesses, and at the second hearing, the Appeals Board was

composed such that she did not receive an unbiased hearing, her procedural due process rights were nonetheless violated.

Though barely so, Plaintiff has alleged enough facts to state a plausible claim for violation of procedural due process.  As noted above, it is not enough to merely offer an opportunity to be heard; the hearing itself must be fair.  At this stage in the proceeding, Plaintiff is only required to allege enough facts to raise the inference that her hearings was unfair.  She has alleged that she was not allowed to call any witnesses at the first hearing, though she requested that six be called. *See Black v. City of Auburn, Ala.*, 857 F. Supp. 1540, 1547 (M.D. Ala. 1994)(noting that "the right to call witnesses is basic to a fair hearing").  Plaintiff also arguably alleges enough facts to raise the inference, at this stage, that the Appeals Board that heard her second hearing was composed so as to result in bias against her.[6]

Though Plaintiff has barely met the minimum pleading standards for a procedural due process claim, the claim nonetheless is due to be dismissed. It is axiomatic that procedural due process claims do not become complete unless and until the state refuses to provide due process. *See McKinney*, *supra*, at 1562.  "[E]ven though [P]laintiff claims procedural deficiencies and bias in the hearings, [s]he has

---

[6] This recommendation should not be construed as a holding that Plaintiff has proven that her hearings were unfair or that Defendants violated her right to procedural due process. Rather, Plaintiff has merely alleged enough facts to met her pleading burden at this stage by raising a plausible inference that a constitutional violation occurred. *See* Federal Rule of Civil Procedure 8.

not alleged that the state of Alabama has refused to provide an adequate post-deprivation remedy. In the absence of such an allegation, [s]he fails to state a claim for violation of his right to procedural due process." *Armstrong*, *supra*, at *4. (citing *McKinney* at 1563). *See also Bell v. City of Demopolis, Ala.,* 86 F.3d 191, 192 (11th Cir. 1996)(the availability of state court review belies a procedural due process claim); *Hicks v. Jackson County Comm'n*, 990 So.2d 904, 912 (Ala. Civ. App. 2008). The procedural due process claim is; therefore, due to be dismissed as a matter of law.

## B.    The Equal Protection Claim.

Plaintiff claims that Defendants violated her right to equal protection in "treating her differently than similarly situated employee[s]." (Doc. 25 at ¶ 57). The "treatment" to which she refers is the same that formed the basis of her due process claims–i.e., that Defendants changed the composition of the Appeals Board in an effort to control the outcome, which resulted in a biased hearing. (Doc. 25 at pp. 14-16). Plaintiff does not allege that she is a member of a particular class. Defendant counters that the claim is due to be dismissed, as it is an "class of one" claim, which is impermissible in the context of public employment. Defendant is correct.

The law regarding equal protection claims in the context of public employment was well-articulated in *Coke v. Birmingham Dist. Housing Authority*, 2014 WL 3689783, *5-6 (N.D. Ala. July 23, 2014), wherein the court held that a plaintiff who

had failed to allege that the employment discrimination he claimed to have suffered was the result of his membership in a particular class.

As the Eleventh Circuit has summarized the scope of protections afforded by the equal protection clause:

> [T]he Equal Protection Clause requires government entities to treat similarly situated people alike. Equal protection claims are not limited to individuals discriminated against based on their membership in a vulnerable class. Rather, we have recognized any individual's right to be free from intentional discrimination at the hands of government officials.

*Campbell v. Rainbow City*, 434 F.3d 1306, 1313 (11th Cir.2006) (citing *E & T Realty v. Strickland*, 830 F.2d 1107, 1112 (11th Cir.1987)).

[Plaintiff's] purported equal protection claims also do not meet *Twombly's* plausibility standard. In particular, nowhere within his complaint does [Plaintiff] contend that intentional discrimination connected to his "race, religion, national origin, or some other constitutionally protected basis" played a part in Defendants' employment-related treatment of him. *Sweet v. Secretary, Dept. of Corrections*, 467 F.3d 1311, 1319 (11th Cir.2006) (citing *Jones v. Ray*, 279 F.3d 944, 946–47 (11th Cir.2001)).

Further, the Supreme Court has made it clear that "a public employee can[not] state a claim under the Equal Protection Clause by alleging that she was arbitrarily treated differently from other similarly situated employees, with no assertion that the different treatment was based on the employee's membership in any particular class." *Engquist v. Oregon Dept. of Agr.*, 553 U.S. 594, 598, 128 S.Ct. 2146, 2148, 170 L.Ed.2d 975 (2008); see id., 128 S.Ct. at 2148–49 ("We hold that such a 'class-of-one' theory of equal protection has no place in the public employment context."); *see also id.* at 598, 128 S.Ct. at 2151 ("Our traditional view of the core concern of the Equal Protection Clause as a shield against arbitrary classifications, combined with unique

considerations applicable when the government acts as employer as opposed to sovereign, lead us to conclude that the class-of-one theory of equal protection does not apply in the public employment context.").

Instead, "the Equal Protection Clause is implicated when the government makes class-based decisions in the employment context, treating distinct groups of individuals categorically differently." *Enquist*, 553 U.S. at 605, 128 S.Ct. at 2155. Therefore, in the absence of an allegation that Defendants' treatment of [Plaintiff] is tied to some type of class-based discrimination, the equal protection clause is not plausibly available to Mr. Coke. *See id.* at 609, 128 S.Ct. at 2157 ("[R]atifying a class-of-one theory of equal protection in the context of public employment would impermissibly 'constitutionalize the employee grievance.' " (quoting *Connick v. Myers*, 461 U.S. 138 at 154, 103 S.Ct. 1684, 1694, 75 L.Ed.2d 708 (1983))).

*Coke*, *supra*, at **5-6.

In the instant case, Plaintiff has likewise failed to identify a class of which she was a member or allege facts that she was intentionally discriminated against based on her membership in that class. She has, thus, only alleged a "class of one" equal protection claim, and because such a claim is not cognizable in the public employment context, Plaintiff has failed to state an equal protection claim upon which relief can be granted. Accordingly, Plaintiff's equal protection claim is due to be dismissed as a matter of law.

## C.    Qualified Immunity.

The individual Defendants assert qualified immunity to the federal claims alleged against them in their individual capacities. In light of the allegations of

21

Plaintiff's Amended complaint, as construed in her favor, the individual defendants in their individual capacities are entitled to qualified immunity because no constitutional violation took place. *See Pearson v. Callahan*, 555 U.S. 223, 129 S.Ct. 808, 818, 172 L.Ed.2d 565 (2009). Where there is no constitutional violation, the court "need go no further in [the] qualified immunity analysis." *Wilson v. Phares,* 2015 WL 1474627 (M.D. Ala. Mar. 31, 2015)(citing *Dahl v. Holley*, 312 F.3d 1228, 1235 (11th Cir. 2002).

### 2. The state law claim for "state action-failure to train to follow the Personnel Policies and Procedures of Elmore County, Alabama."

It is the recommendation of the Magistrate Judge that this court should decline to exercise supplemental jurisdiction over the state law claim pursuant to 28 U.S.C. § 1367(c)(3), rather than attempting to further parse the allegations of claims over which this court lacks original jurisdiction. Indeed, the Eleventh Circuit has "encouraged district courts to dismiss any remaining state claims when ... the federal claims have been dismissed prior to trial." *Pearson v. Commercial Bank of Ozark*, 2015 WL 5125626 (M.D. Ala. Aug. 31, 2015)(citing *Raney v. Allstate Ins. Co.*, 370 F.3d 1086, 1089 (11th Cir. 2004).

## VI.   CONCLUSION AND RECOMMENDATION

Accordingly, for the reasons as stated, it is the **RECOMMENDATION** of the Magistrate Judge that the Defendant's motion to dismiss (Doc. 27) be **GRANTED**. It is the Magistrate Judge's recommendation that Plaintiff's federal claims for violations of substantive and procedural due process (Count I) and equal protection (Count II) are due to be **DISMISSED, with prejudice,** for failure to state claim upon which relief can be granted, and the state law claim for "state action-failure to train to follow the Personnel Policies and Procedures of Elmore County, Alabama" (Count III) is due to be **DISMISSED, without prejudice,** pursuant to 28 U.S.C. § 1367(c)(3).

It is **ORDERED** that the parties shall file any objections to the said Recommendation on or before **November 19, 2015.**  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party objects.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from

attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).

      **DONE** and **ORDERED** this the 5th day of November, 2015.

                      /s/ Paul W. Greene
                      United States Magistrate Judge